**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Lawrence Lamont Ingram, | ) | |
| | ) | C/A No. 9:20-cv-1940-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Kenneth Sharpe, A.W. Dean, | ) | |
| Lt. Redden, Lt. Perry, Sgt. Janke, | ) | |
| Cpl. Laster, and Lt. June, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lawrence Lamont Ingram, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff filed numerous motions and documents, many of which were incomprehensible or frivolous. On August 26, 2020, Plaintiff filed a motion for a default judgment (ECF No. 27), and, on the same date, the Clerk of Court entered default as to Defendant A.W. Dean (ECF No. 28). Plaintiff then moved for an evidentiary hearing (ECF No. 30) and for appointment of counsel (ECF No. 31). On October 1, 2020, Plaintiff filed a document entitled "8th Amendment," setting forth various standards relating to claims under the Eighth Amendment and lodging a general complaint about prison mail screening practices. (ECF No. 35). Plaintiff then submitted a document styled "42 U.S.C. § 1997e(e)" in which he addressed the "state of mind" requirement in excessive force claims against prison officials but did not indicate how he believes it applies to his case. (ECF No. 39).

The magistrate judge denied the motion to appoint counsel (ECF No. 32) and, on October 23, 2020, entered an order setting aside the clerk's entry of default (ECF No. 41). On October 26,

2020, the clerk received from Plaintiff another motion for default (ECF No. 45) as well as a filing entitled "§ 5036.7 . . . Specificity General Objections" in which Plaintiff discussed Rules 34 and 35 of the Federal Rules of Civil Procedure but did not indicate how they relate to his case or explain why or to what he is objecting. (ECF No. 46). On October 27, 2020, the magistrate judge entered an order denying Plaintiff's third motion for default judgment as moot. (ECF 48). Shortly thereafter, Plaintiff filed a letter discussing the Ninth Amendment. (ECF No 50). Next, Plaintiff filed a "motion for an order compelling discovery." (ECF No. 52). Defendants filed a response indicating that they had, in fact, responded to the discovery requests. (ECF No. 54). On November 18, 2020, the magistrate judge denied the motion to compel as moot. (ECF No. 55). Finally, on December 16, 2020, Plaintiff filed a "response to Defendants' retaliation, deliberate indifference" which cited, without explanation, numerous passages from the Bible. (ECF No. 57).

On January 4, 2021, Defendants filed a motion for summary judgment (ECF No. 61), arguing that they are protected by Eleventh Amendment immunity; that Plaintiff failed to establish a constitutional violation; and that they are entitled to qualified immunity, (ECF No. 61-1 at 4–13). The magistrate judge then issued a *Roseboro*[1] order advising Plaintiff of "the dismissal/summary judgment procedures and the possible consequences [of failing] to respond adequately to defendants' motion" within the specified time. (ECF No. 62). On February 2, 2021, Plaintiff filed a response to Defendants' summary judgment motion, arguing that the district court abused its discretion in setting aside the entry of default three months earlier and noting that Rule 14 which governs impleader was modeled on Admiralty Rule 56. (ECF No. 66). Plaintiff did not address any of Defendants' grounds for summary judgment. *See id*. On February 3, 2021, the clerk's office issued a deficiency notice to Plaintiff advising him that his response was unsigned

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

and that "[a]ny document filed with the Court by a pro se filer must bear the filer's original signature." (ECF No. 67). On March 1, 2021, the clerk's office issued a second deficiency notice indicating Plaintiff needed to sign his filing within ten days. (ECF No. 71). On March 11, 2021, Plaintiff's signed response in opposition to summary judgment was filed. (ECF No. 73). The response incorporated Plaintiff's previous arguments, *see* (ECF No. 66), and opposed summary judgment on additional grounds including the provisions of Rule 9 of the Federal Rules of Civil Procedure, (ECF No. 73 at 2–3), and the Title VII burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), (ECF No. 80). Plaintiff also submitted documents pertaining to service of process and his own considerable disciplinary history within the South Carolina Department of Corrections ("SCDC"). (ECF Nos. 79, 80-1).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's summary judgment motion. (ECF No. 81). Specifically, the magistrate judge concluded as follows: (1) that all Defendants are employed by SCDC, which is an agency and an alter ego of the state of South Carolina and, therefore, "to the extent Plaintiff is attempting suit against Defendants in their official capacities, Defendants are entitled to Eleventh Amendment immunity," *id*. at 6; (2) that Plaintiff failed to establish a question of material fact as to whether Defendants violated his constitutional rights, *id*. at 7–11; and (3) that because "Plaintiff has failed to establish a genuine issue of material fact on any of his allegations of constitutional violations," Defendants "are also shielded from liability by qualified immunity in their individual capacities," *id*. at 12.

On June 11, 2021, the Report was mailed to Plaintiff (ECF No. 82) at the Lee Correctional Institution address he provided to the court, (ECF No. 53); however, on July 23, 2020, it was returned marked "not deliverable as addressed." (ECF No. 83). As of the date of this order,

3

however, Plaintiff remains housed at Lee Correctional Institution.[2]  Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 81 at 13), but failed to do so.  The time for Plaintiff to object to the Report expired some time ago, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  In the absence of specific objections, the court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp*., 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

---

[2] *See* https://public.doc.state.sc.us/scdc-public (incarcerated inmate search) (last visited July 27, 2021).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds no clear error in the Report and agrees with the magistrate judge that Defendants are entitled to summary judgment.  Accordingly, the court **ADOPTS** the Report (ECF No. 81), which is incorporated herein, and **GRANTS** Defendants' motion for summary judgment. (ECF No. 61).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 29, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.